IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE CITY OF ATLANTA, GEORGIA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:13-CV-02480-LMM |
| AVERY PARK PARTNERS, LLC : | |
| d/b/a AVERY PARK; COLONY : | |
| CREEK, LLC; and THE CITY OF : | |
| COLLEGE PARK, GEORGIA, : | |
| : | |
| Defendants. : | |

## ORDER

This matter is before the Court on its own initiative. For the reasons explained in this order, this matter is **DISMISSED** for lack of subject-matter jurisdiction.

This declaratory judgment action concerns the scope of the City of Atlanta's (the "City") Noise Compatibility Program (the "NCP"),[1] which allows the City to either purchase, or provide sound insulation to, certain properties located near the Hartsfield-Jackson Atlanta International Airport (the "Airport"). Specifically, the City seeks a declaration that the NCP is a *voluntary* program and, therefore, it has no purchase or renovation obligations with respect to certain multi-family properties owned by Defendants Avery Park Partners, LLC and Colony Creek,

---

[1] The NCP was implemented pursuant to 14 C.F.R. Part 150.1.

LLC (collectively "Defendants"). However, before this action was initiated, Defendants filed a complaint with the Federal Aviation Administration (the "FAA"), pursuant to the FAA's administrative review scheme,[2] that presents this identical issue. In this FAA Action, Defendants seek, *inter alia*, a determination that the NCP is a *mandatory* program.

On January 26, 2015, the FAA issued a Director's Determination in the FAA Action. This Director's Determination states that the NCP "is a voluntary program" and does not "require[] that a particular property must be acquired or sound insulated" [Doc. No. 101-1, 32]. Further, this Director's Determination states that the City does not violate any grant assurances related to the Airport by choosing not to present a property owner with a purchase or renovation offer *allowed* under the NCP. More to the point, the FAA articulates through this Director's Determination that the NCP does not obligate the City to purchase, or provide sound insulation to, Defendants' respective multi-family properties.

In summary, the FAA's Director's Determination makes a ruling on the issue presented in the City's claim for declaratory judgment. Therefore, as it concerns the City's obligations pursuant to the NCP, any determination made by this Court on the City's claim for declaratory judgment would effectively serve as a review on the merits of the FAA's Director's Determination. As such a review would contravene the FAA's administrative review scheme, this Court does not have subject matter jurisdiction over this declaratory judgment action. *See Avera*

---

[2] *See* 49 U.S.C. § 44715 (giving the FAA authority to regulate aircraft noise and sonic boom).

*v. United Air Lines*, 686 F. Supp. 2d 1262, 1271-72 (N.D. Fla. 2010) (stating that, in order to protect the FAA's administrative review scheme, "Congress has given 'exclusion jurisdiction' to the United States Court of Appeals for the District of Columbia or the 'court of appeals of the United States for the circuit in which the person resides' to review an order issued by . . . the Federal Aviation Administration." (quoting 49 U.S.C. § 46110(a),(c)). The fact that the City initiated this action before the Director's Determination was issued is of no significance, as the City cannot circumvent the FAA's administrative review process by simply filing suit in this Court. *See Doe v. Fed. Aviation Admin.*, 432 F.3d 1259, 1263 (11th Cir. 2005) (stating "mechanics simply cannot avoid the [FAA] statutorily established administrative-review process by rushing to the federal courthouse for an injunction preventing the very action that would set the administrative-review process in motion.").

Accordingly, this action is hereby **DISMISSED** pursuant to Rule 12(h)(3) for lack of subject-matter jurisdiction. All pending motions not otherwise ruled upon are hereby **DISMISSED AS MOOT**. As there are no further issues outstanding, the Clerk is hereby **DIRECTED** to **CLOSE THIS ACTION**.

**IT IS SO ORDERED** this 29th day of April, 2015.

LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

3